**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**


JAVIEL TORO,                    :        CIVIL NO. 1:CV-10-2365
            Plaintiff,          :
                                :            (Chief Judge Kane)
            v.                  :
                                :
DAVE ARNOLD, <u>et</u> <u>al.</u>,        :
            Defendants          :


<u>MEMORANDUM</u>

Javiel Toro ("Toro"), at the time an inmate at the Lebanon County Prison, Pennsylvania,

filed this civil rights action pursuant to 42 U.S.C. § 1983.   Named as defendants are Dave

Arnold, District Attorney for Lebanon County, and Lebanon County Prison employees Warden

Karnes and Assistant Warden Tony Houck.  Also named as a defendant is the Lebanon County

Prison.  Toro proceeds <u>in</u> <u>forma</u> <u>pauperis</u> in this matter.[1]  (Doc. No. 2.)  Pursuant to 28 U.S.C.

§ 1915, the Court is required to examine the complaint for legal sufficiency and to dismiss a

complaint if it is frivolous, malicious or fails to state a claim on which relief may be granted.

For the reasons that follow, the complaint will be dismissed for failure to state a claim pursuant

to 28 U.S.C. § 1915(e)(2)(B)(ii).  This dismissal is without prejudice to any right Plaintiff may

have to file a petition for writ of habeas corpus.

I.      **Allegations of the Complaint**

In the complaint Toro alleges that he signed an "Interstate" agreement to be brought from

New Jersey, where he was incarcerated, to Lebanon County, Pennsylvania for court proceedings

---

[1]  Toro completed this Court's form application for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u>
and authorization form.  An Administrative Order was thereafter issued on November 17, 2010
(Doc. No. 6), directing the warden at the Lebanon County Prison to commence deducting the full
filing fee from Toro's prison trust fund account.

on charges originating there.  He claims that he has not yet been returned to New Jersey or

provided with a reason why he was not yet been returned.  (Doc. No. 1, Compl. at 2-3.)  He

claims that the District Attorney of Lebanon County has failed to provide him with a response to

these questions.  He further appears to challenge any charges that arose in Lebanon County

claiming that they have "no legal boundaries" and argues that he is being held illegally with

respect to these charges.  He claims that the Defendants Karnes and Houck will not release him

back to the New Jersey prison.  Toro seeks his return to New Jersey, as well as an award of

monetary damages.

## II.    Discussion

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if

the court determines that (B) the action . . . (ii) fails to state a claim on which relief may be

granted. . . ."  28 U.S.C. § 1915(e)(2)(B)(ii).  The applicable standard of review for the failure to

state a claim provision is the same as the standard for a 12(b)(6) motion.  Grayson v. Mayview

State Hosp., 293 F.3d 103 (3d Cir. 2002).  On a motion to dismiss,  "[w]e accept all factual

allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled

to relief."  Byers v. Intuit. Inc., 600 F.3d 286, 291 (3d Cir. 2010)(quoted case omitted).

Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions" or '[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements."  Ashcroft v. Iqbal, ___ U.S. ___,

___, 129 S. Ct. 1937,1949, 173 L. Ed. 2d 868 (2009).  To survive a motion to dismiss, a

complaint must allege sufficient facts "to state a claim to relief that is plausible on its face."  Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Santiago v. Warminster Tp., 629 F.3d 121, 128 (3d Cir. 2010).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 556).  If a party does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570.

## III.    Discussion

The Interstate Agreement on Detainers Act ("IADA") is an interstate compact– one that the Federal Government has joined – that "creates uniform procedures for lodging and executing a detainer, i.e., a legal order that requires a State in which an individual is currently imprisoned to hold that individual when he has finished serving his sentence so that he may be tried by a different State for a different crime."  Alabama v. Bozeman, 533 U.S. 146, 148 (2001).  The IADA:

> provides for expeditious delivery of the prisoner to the receiving State for trial prior to the termination of his sentence in the sending State.  And it seeks to minimize the consequent interruption of the prisoner's ongoing prison term.  In particular, Article IV(c) specifies that the receiving State shall begin the prisoner's "trial ... within one hundred and twenty days of the arrival of the prisoner in the receiving State."  At the same time, Article IV(e) prohibits return of the individual to the sending State before that trial is complete."

Id. (quoting the IADA).

In the instant case, Plaintiff states that he signed the "Interstate Agreement" with respect to his transfer from New Jersey to Lebanon County, Pennsylvania, to answer charges pending there against him.  He seeks to impose liability upon the Lebanon County District Attorney

3

pursuant to § 1983 because he is not responding to inquiries from Plaintiff with respect to when he will be returned to New Jersey.  It is well established that a state prosecuting attorney is absolutely immune from liability under 42 U.S.C. § 1983 for his or her actions which are related to the initiation and prosecution of a criminal action.  Imbler v. Pachtman, 424 U.S. 409, 431 (1976); Burns v. Reed, 500 U.S. 478 (1991).  The immunity extends to responsibilities discharged in court, such as the presentation of evidence or legal argument, as well as selected out-of-court behavior "intimately associated with the judicial phases" of litigation.  "[T]he duties of the prosecutor in his role as an advocate for the State involve actions preliminary to the initiation of prosecution and actions apart from the courtroom."  Imbler, 424 U.S. at 431 n. 33. Thus, Defendant enjoys immunity from any liability Plaintiff seeks to impose upon him related to the initiation of the charges that have brought him to Lebanon County and the continuing prosecution of the case there against him.

The complaint against the Lebanon County Prison is also subject to dismissal because the prison is not a "person" amenable to suit under 42 U.S.C. § 1983.  See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973)(state prison medical department not a "person" under § 1983); Marsden v. Fed. BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994)(county jail not an entity amendable to suit under § 1983).  For these reasons, Defendant Lebanon County Prison will be dismissed.

Plaintiff also seeks to impose liability against Warden Karnes and Associate Warden Houck of Lebanon County Prison claiming he is being held at the Lebanon County Prison on charges that have no legal boundaries.  He seeks damages with respect to this claim and his release on said charges.  To extent Plaintiff challenges his present confinement with respect to

4

the Pennsylvania charges, these claims are not properly pursued in a civil rights action.  A

habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration

of his confinement.  Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d

745, 748 (3d Cir. 1993).  "Habeas relief is clearly quite limited: 'The underlying purpose of

proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the

legality of the detention, and the only judicial relief authorized was the discharge of the prisoner

or his admission to bail, and that only if his detention were found to be unlawful.'"  Leamer v.

Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding

the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)).

   To the extent Plaintiff seeks to recover monetary damages based upon his claim that he is

unlawfully confined at the Lebanon County Prison, he also fails to state a claim.  Pursuant to

Heck v. Humphrey, 512 U.S. 477 (1994), a constitutional cause of action for damages does not

accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by

actions whose unlawfulness would render a conviction or sentence invalid," until Plaintiff proves

that the "conviction or sentence has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or called into

question by a federal court's issuance of a writ of habeas corpus."  Id. at 486-87.[2]  Accordingly,

the instant complaint will be dismissed for failure to state a claim pursuant 28 U.S.C. §

---

[2] To the extent the complaint can be construed to allege liability on the part of Karnes
and/or Houch as officials at the Lebanon County Prison for failing to return him to New Jersey,
any such claims are clearly set forth against them in their supervisory capacity.  It is well
established that Section 1983 liability cannot be predicated solely on respondeat superior.  Rizzo
v. Goode, 423 U.S. 362 (1976); Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988).
Thus, individual liability can only be imposed if the state actor played an "affirmative part" in
the  alleged misconduct.  Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).

1915(e)(2)(B)(ii).   An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAVIEL TORO,** | : | **CIVIL NO. 1:CV-10-2365** |
| **Plaintiff,** | : | |
| | : | **(Chief Judge Kane)** |
| **v.** | : | |
| | : | |
| **DAVE ARNOLD, et al.,** | : | |
| **Defendants** | : | |

## <u>ORDER</u>

  **AND NOW**, this 31st day of October, 2011, for the reasons set forth in the

accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

  1.  The complaint is **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without
     prejudice to any right Plaintiff may have to pursue his claims in a habeas corpus
     petition.

  2.  The Clerk of Court is directed to **close this case**.

  3.  Any appeal taken from this order will be deemed frivolous, without probable
     cause and not taken in good faith.

      <u>S/ Yvette Kane</u>
      YVETTE KANE, Chief Judge
      Middle District of Pennsylvania